UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LORI JAHNER and JON JAHNER, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 26-cv-11835-ADB |
| SAFECO INSURANCE COMPANY OF AMERICA, | * * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On April 21, 2026, Plaintiffs Lori and Jon Jahner ("Plaintiffs") filed a complaint against

Defendant Safeco Insurance Company of America ("Defendant" or "Safeco"), [ECF No. 1

("Complaint" or "Compl.")], asserting three claims arising from Defendant's rejection of a hail-

damage insurance claim, which Defendant denied on the basis that Plaintiffs had not reported the

damage within one year.  [Compl. ¶¶ 10, 13–14].  Currently before the Court is Defendant's

motion to transfer the case to the District of Colorado or, in the alternative, dismiss it for lack of

subject matter jurisdiction.  [ECF No. 5].  For the reasons set forth below, Defendant's motion is

**GRANTED** as to transfer.[1]

---

[1] Defendant has also challenged the Court's subject matter jurisdiction on the basis that Plaintiffs have not established an amount in controversy in excess of $75,000, [ECF No. 5 at 1], as they must for the Court to exercise diversity jurisdiction, see 28 U.S.C. § 1332(a); Abdel-Aleem v.

I.      **BACKGROUND**

      A.      **Factual Background**

The Court recites the facts as alleged in Plaintiffs' complaint.  Safeco, an insurance company, is organized under the laws of New Hampshire and has a principal place of business in Boston, Massachusetts.  [Compl. ¶ 2].  Plaintiffs are natural persons domiciled in Colorado.  [Id. ¶ 1].

From December 2016 to December 2025, Plaintiffs maintained homeowners' insurance coverage with Safeco.  [Compl. ¶¶ 3, 6–7].  The policy, "[l]ike Safeco's other standard homeowner's policies, . . . contained a provision purporting to require that any claim for hail damage be submitted within 365 days of the loss."  [Id. ¶ 8].  In December 2025, Plaintiffs changed insurance providers from Safeco to Progressive.  [Id. ¶ 9].  In connection with that change, Progressive performed an inspection of Plaintiffs' roof, which revealed that it had suffered hail damage.  [Id. ¶¶ 9–10].  Plaintiffs promptly reported the claim to Safeco, which acknowledged in writing that the roof had been damaged by a hailstorm during the policy period, [id. ¶¶ 12–13], and admitted that it would have been a covered loss, [id. ¶ 14], but denied the claim because it concluded that the storm had occurred more than one year before Plaintiffs submitted the claim, [id.].  Plaintiffs allege that Safeco's denial contradicted the decision of the Colorado Supreme Court in Gregory v. Safeco Insurance Co. of America, 545 P.3d 942 (Colo.

---

OPK Biotech LLC, 665 F.3d 38, 41–42 (1st Cir. 2012).  Though the Complaint does not state a specific figure, see [Compl. at 7], the accompanying cover sheet states that Plaintiffs seek to recover $200,000, [ECF No. 1-1 at 1], and the Complaint enumerates several categories of damages sought, [Compl. at 7].  At this early stage, solely for the purpose of resolving the motion to transfer, the Court is satisfied that the amount claimed by Plaintiffs "is apparently made in good faith" and thus will suffice for the Court to exercise jurisdiction over the action at least for the time being, Abdel-Aleem, 665 F.3d at 41 (quoting Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004)).

2024), and in so doing breached Safeco's contractual and statutory duties.  [Compl. ¶¶ 15, 21–43].

### B.    Procedural History

Plaintiffs filed their complaint in this Court on April 21, 2026.  [Compl.].  On May 28, 2026, Safeco filed the instant motion to transfer or dismiss.  [ECF No. 5].  Plaintiffs opposed on June 11, 2026, [ECF No. 7], and Safeco filed a reply on June 18, 2026, [ECF No. 10].

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  A case "might have been brought" in a forum where the requirements of subject matter jurisdiction, personal jurisdiction, and venue are satisfied.  28 U.S.C. § 1404(a); see, e.g., First State Ins. Co. v. XTRA Corp., 583 F. Supp. 3d 313, 318 (D. Mass. 2022).

The Court considers the following factors when determining whether transfer is warranted: (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied, and (6) the state or public interests at stake.  Avci v. Brennan, 232 F. Supp. 3d 216, 219 (D. Mass. 2017) (citing Momenta Pharms. v. Amphastar Pharms., 841 F. Supp. 2d 514, 522 (D. Mass. 2012)).  To succeed on a motion to transfer, the party seeking to litigate in another forum must establish that "considerations of convenience and

judicial efficiency strongly favor litigating the claim in the alternative forum." Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000).  "The overriding principle in any transfer analysis . . . is that 'the plaintiff's choice of forum is entitled to great weight,'" Shipley Co. v. Clark, 728 F. Supp. 818, 823 (D. Mass. 1990) (quoting Home Owners Funding Corp. of Am. v. Century Bank, 695 F. Supp. 1343, 1347 (D. Mass. 1988)); see Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007), and "[t]he defendant[] ha[s] the burden to establish that, on balance, the interests of justice and convenience weigh heavily in favor of transfer," LendingClub Bank, Nat'l Ass'n v. Valley Nat'l Bank, 828 F. Supp. 3d 162, 184–85 (D. Mass. 2026) (second and third alterations in original) (quoting Systemation, Inc. v. Engel Indus., 992 F. Supp. 58, 63 (D. Mass. 1997)); see Momenta Pharms., 841 F. Supp. 2d at 522.  The plaintiff's choice receives somewhat less weight, however, where the plaintiff is not a resident of the chosen forum. Friends of Animals v. Phifer, No. 15-cv-30011, 2015 WL 1943898, at *3 (D. Mass. Apr. 29, 2015) (collecting cases).

## III.    DISCUSSION

Defendant seeks transfer to the District of Colorado.  [ECF No. 5 at 1].  As a threshold matter, "the statute requires a court to determine whether this action could have properly been brought in the proposed transferee court."  LendingClub Bank, 828 F. Supp. 3d at 184; accord Friends of Animals, 2015 WL 1943898, at *3.  Plaintiffs do not contest that the action could have been brought in Colorado.  See [ECF No. 7 at 3].  The Court, having conducted its own inquiry, is satisfied that the District of Colorado meets these threshold requirements.  As noted above, the Court finds that for present purposes Plaintiffs have adequately established federal subject matter jurisdiction in this action, though Plaintiffs may, in the future, need to provide more detailed support for their amount-in-controversy calculation.  Personal jurisdiction in the

District of Colorado would have been proper at the time of filing because the action arises out of Defendant's agreement to insure property in that state and the claim was allegedly adjusted by an employee of Defendant who resided in that state, [ECF No. 10 at 3].  See Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004) ("[I]f jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." (quoting Day v. Snowmass Stables, Inc., 810 F. Supp. 289, 291 (D. Colo. 1993))); OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1095 (10th Cir. 1998) (finding that insuring activity in forum state established sufficient minimum contacts for specific jurisdiction over coverage dispute but nonetheless concluding that exercise of jurisdiction would be unreasonable for reasons not relevant here). Finally, venue clearly would have been appropriate in Colorado: Plaintiffs currently reside in Colorado, where both the hailstorm and ensuing insurance dispute occurred.  See 28 U.S.C. § 1391(b)(1)–(2); [Compl. ¶¶ 1, 6–14].

Accordingly, the Court turns to the factors that guide its exercise of discretion.

### A.      Plaintiff's Choice of Forum

"[W]hen more than one proper venue exists, 'there is a strong presumption in favor of the plaintiff's choice of forum.'"  Adams v. Fed. Bureau of Prisons, 716 F. Supp. 2d 107, 113 (D. Mass. 2010) (quoting Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000)).  This presumption is diminished, however, "when plaintiffs choose a forum where they are not residents."  United States ex rel. Hutcheson v. Blackstone Med. Inc., 694 F. Supp. 2d 48, 54 (D. Mass. 2010), rev'd on other grounds, 647 F.3d 377 (1st Cir. 2011).  This factor weighs in Plaintiffs' favor, although their choice of a Massachusetts forum will be accorded less deference

because Plaintiffs are Colorado residents, [Compl. ¶ 1]. See United States ex rel. Hutcheson, 694 F. Supp. 2d at 54.

### B.    Convenience of Parties

Given that Safeco seeks to transfer this action to Colorado, Plaintiffs' home forum, it appears that any burden that transfer would impose on Plaintiffs "would be negligible or non-existent." Reiffen v. Microsoft Corp., 104 F. Supp. 2d 48, 52–53 (D.D.C. 2000) (citing Oudes v. Block, 516 F. Supp. 13, 14 (D.D.C. 1981)). That said, neither party has made an argument concerning their own convenience. Accordingly, the Court will consider this factor as neutral, although it arguably favors Defendant. See Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., No. 08-cv-02973, 2008 WL 4279704, at *2 (N.D. Cal. Sept. 16, 2008) ("The convenience of the parties likewise carries little weight in this instance, each party having sought to litigate the matter in the opposing party's home forum.").

### C.    Convenience of Witnesses and Location of Documents

"The convenience of witnesses is '[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a).'" United States ex rel. Ondis v. City of Woonsocket, 480 F. Supp. 2d 434, 437 (D. Mass. 2007) (quoting Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987)). In considering this factor, courts look at "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify," Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (citing Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)), with special attention to "the location of witnesses who are not parties or employees of the parties," Pierce v. Biogen U.S. Corp., No. 18-cv-12510, 2019 WL 2107278, at *4 (D. Mass. May 14, 2019)

6

(quoting Bos. Post Partners II, LLP v. Pasket, No. 15-cv-13804, 2016 WL 3746474, at *10 (D. Mass. July 8, 2016)).

Safeco argues that "contractors, inspectors, engineers, adjusters, or other individuals involved in evaluating the alleged roof damage" are in Colorado, as is "[e]vidence concerning the alleged hailstorm damage, the condition of the property, and the scope of repairs." [ECF No. 6 at 4]. Plaintiffs do not dispute that conclusion, contending instead that "witnesses related to the condition of the roof are likely unnecessary," and that the "relevant witnesses are likely to be limited to office dwelling decision makers" who are probably located outside of Colorado. [ECF No. 7 at 5]. Neither party identified any specific witnesses or documents that would be impacted by a transfer, but it appears that the only potential witnesses not located in Colorado would be "office dwelling decision makers" employed by Defendant, [id.], whom Defendant could require to travel to Colorado if needed. See Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125–26 (D. Mass. 2000) ("If, however, a court order or the persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of the forum, that factor becomes less important.").

On balance, the Court concludes that this factor favors transfer, because the "center of gravity" of this litigation is clearly in Colorado, Freeman v. Hoffmann-La Roche Inc., No. 06-cv-13497, 2007 WL 895282, at *4 (S.D.N.Y. Mar. 21, 2007); accord ZPC 2000, Inc. v. SCA Grp., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000), and no particular witness or other evidence outside of Colorado has been identified by either party.

**D. Connection Between the Forum and the Issues**

"The parties have shed some but not enough light on important facts needed to assess which district has the stronger factual nexus to . . . the claims." Greene v. Nat'l Head Start

Ass'n, 610 F. Supp. 2d 72, 75 (D.D.C. 2009).  Safeco argues that "the operative facts, relevant witnesses, evidence, and governing law are overwhelmingly connected to Colorado," while "no material operative facts occurred in Massachusetts."  [ECF No. 6 at 3].  Plaintiffs respond that the dispositive questions in this case "concern Safeco's own claims-handling conduct and corporate decision-making" in relation to claims such as Plaintiffs', which Plaintiffs speculate "t[ook] place in Massachusetts."  [ECF No. 7 at 4–5].  Though Massachusetts arguably has some connection to this action as Safeco's home state, the facts at issue are more directly tied to Colorado, where the insured property is located, the policy was issued, and the alleged hail damage occurred.  [Compl. ¶ 5]; see also First State Ins. Co., 583 F. Supp. 3d at 319–20 (transferring to state where insured event occurred, despite policy being drafted in Massachusetts).  Plaintiffs' speculation about where the decision to deny coverage might have been made is too tenuous to displace the clear connection to Colorado.  Accordingly, this factor favors transfer.

### E.    Law to Be Applied

"Federal courts are generally considered to be better versed in the law of the state in which they sit than that of another," First State Ins. Co., 583 F. Supp. 3d at 320 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)), and for that reason, this factor generally weighs in favor of trying a case in the state whose law will be applied.  See, e.g., Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007), aff'd sub nom. N.Y. Marine & Gen. Ins. v. Lafarge N. Am., Inc., 599 F.3d 102 (2d Cir. 2010); Greene, 610 F. Supp. 2d at 76.  Here, both parties agree that Colorado law, including the application of a recently decided Colorado Supreme Court case, see Gregory, 545 P.3d at 942,

governs the dispute, [Compl. ¶ 5]; [ECF No. 6 at 3].  Accordingly, this factor weighs in favor of transfer.

### F.    State and Public Interests at Stake

Finally, Safeco argues that Colorado "has a direct interest in adjudicating this localized insurance dispute."  [ECF No. 6 at 5].  Plaintiffs respond that Massachusetts "has a substantial and competing interest in the conduct of an insurer headquartered within its borders" and in that insurer's "corporate, policy-level decision[s]."  [ECF No. 7 at 6–7].  Although Massachusetts may have an interest in claims relating to its businesses, see, e.g., Tile, Inc. v. Everythingdeals, No. 19-cv-12081, 2020 WL 13606298, at *5 (D. Mass. Apr. 10, 2020) ("New Jersey has an interest in adjudicating claims against businesses within its jurisdiction."), report and recommendation adopted sub nom. Tile, Inc. v. Everything Deals, No. 19-cv-12081, 2020 WL 13606268 (D. Mass. May 7, 2020), Colorado has stronger interests, both in claims relating to its individual residents, see Shelton Bros., Inc. v. Aleph Wines Corp., No. 13-cv-30180, 2014 WL 4656635, at *6 (D. Mass. July 21, 2014) ("Massachusetts has an interest in protecting the legal and economic interests of its citizens and corporations."), report and recommendation adopted, No. 13-cv-30180, 2014 WL 4657109 (D. Mass. Sept. 10, 2014), and to the application of its laws to property in its territory, see [Compl. at 1 ("This is an insurance bad faith case about a company that got caught ignoring a direct instruction from the Colorado Supreme Court.")]; Meyers v. Allstate Ins. Co., No. 08-cv-04769, 2009 WL 804672, at *3 (S.D.N.Y. Mar. 26, 2009) ("The people of Connecticut, however, have an interest in resolving disputes over Connecticut insurance policies, especially where the accident giving rise to the dispute occurred there.").  Accordingly, this factor too favors transfer.

**IV.      CONCLUSION**

Though Plaintiffs' choice of forum is entitled to some deference, upon consideration of the remaining factors—all of which favor transfer or are neutral—the Court concludes that the "convenience of parties and witnesses" and "the interest of justice" both support transfer to the District of Colorado.  28 U.S.C. § 1404(a).  Accordingly, Safeco's motion to transfer, or in the alternative, dismiss, [ECF No. 5], is **GRANTED** as to transfer.  The Clerk is ordered to **TRANSFER** this case to that district.

SO ORDERED.

July 29, 2026                                                            */s/ Allison D. Burroughs*
                                                                        ALLISON D. BURROUGHS
                                                                        U.S. DISTRICT JUDGE